a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TAZ DOUGLAS LAMBERT, Plaintiff** | **CIVIL DOCKET NO. 1:25-CV-00979 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **U .S. BUREAU OF PRISONS ET AL, Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant United States of America pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 15. The Government seeks dismissal of the Complaint filed by pro se Plaintiff Taz Douglas Lambert ("Lambert").

For the following reasons, the Motion to Dismiss (ECF No. 15) should be GRANTED. Lambert's claim against the United States under the Federal Tort Claims Act ("FTCA") should be dismissed without prejudice to refiling, and Lambert's request for criminal prosecution and constitutional claims against the United States and the Bureau of Prisons ("BOP") should be dismissed with prejudice. The remaining *Bivens* claims against the Warden and the unknown officers are not addressed by the Motion and therefore remain pending.

## I. Background

This action arises from the death of federal inmate Mark Charles Lambert ("Mark") while incarcerated at the United States Penitentiary in Pollock, Louisiana.

("USP Pollock"). Lambert, who alleges that he is Mark's father, filed this action on Mark's behalf. ECF No. 1. Lambert asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

Lambert names as Defendants the United States, the BOP, the Warden of USP Pollock, an Unknown Institutional Duty Officer, Unknown Unit Staff, an Unknown Medical Response Team, and Unknown Facilities Staff.

Lambert alleges that on July 3, 2023, BOP personnel failed to respond promptly to Mark's medical emergency, delayed providing medical treatment, failed to maintain the emergency call system in his cell, and otherwise acted with deliberate indifference to his serious medical needs, resulting in his death in violation of the Eighth Amendment. ECF No. 6 at 3-4. Lambert seeks monetary damages and requests that criminal charges be brought against those allegedly responsible. ECF Nos. 1, 6.

Before filing suit, Lambert submitted a Standard Form 95 identified as Administrative Tort Claim No. TRT-SCR-2025-03835. The BOP acknowledged receipt of that claim on February 24, 2025, and advised Lambert that he could expect a response on or before August 23, 2025. ECF No. 1 at 7.

## II. Law and Analysis

### A. Plaintiff failed to exhaust administrative remedies before filing suit.

The FTCA waives the United States's sovereign immunity for certain tort claims arising from the negligent or wrongful acts of federal employees acting

within the scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2671-2680. Because the FTCA constitutes a limited waiver of sovereign immunity, its statutory requirements must be strictly observed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

As a prerequisite to filing suit, the FTCA requires that a claimant first present the claim to the appropriate federal agency and either receive a written denial or allow six months to elapse without final agency action:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ... or unless the agency fails to make final disposition of the claim within six months after it is filed. . . .
>
> 28 U.S.C. § 2675(a).

The Supreme Court has explained that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112. Accordingly, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 113.

Likewise, the Fifth Circuit has held that § 2675(a) "requires that jurisdiction must exist at the time the complaint is filed." *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Lambert submitted an administrative tort claim to the BOP, which the agency received on February 24, 2025. ECF No. 15-2. In correspondence dated March 13, 2025, the BOP acknowledged receipt of the claim and advised Plaintiff that he could expect a response on or before August 23, 2025. *Id.*; *see also* ECF No.

1 at 7. Lambert commenced this action on July 3, 2025, before either receiving a written denial of his claim or allowing six months to elapse after presentment. The BOP did not issue its final denial until April 21, 2026, approximately nine months after this action was filed. ECF No. 15-2.

Lambert does not dispute this chronology. Instead, he argues that his FTCA claim was not "instituted" until the Court granted leave to amend the Complaint to add the United States as a Defendant after the six-month administrative period had expired. According to Plaintiff, the jurisdictional inquiry should therefore focus on the date of the amendment rather than the date the original complaint was filed. ECF No. 18.

Lambert's argument is unpersuasive. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. Lambert commenced this civil action on July 3, 2025, when he filed his original Complaint. The subsequent amendment adding the United States did not commence a new lawsuit; rather, it amended an action that had already been instituted. Nothing in § 2675(a) authorizes a claimant to preserve a prematurely filed FTCA action by completing administrative exhaustion after suit has already begun. *See McNeil*, 508 U.S. at 111-13.

Because Lambert commenced this action before satisfying the exhaustion requirement outlined in § 2675(a), his FTCA claim was prematurely filed and cannot proceed. Accordingly, the Motion to Dismiss should be granted as to the FTCA claim.

### B. Lambert cannot maintain constitutional claims against the United States or the BOP.

Lambert also seeks relief for alleged violations of the Eighth Amendment. In *Bivens*, the Supreme Court recognized an implied cause of action for damages against individual federal officers alleged to have violated a person's constitutional rights. The Supreme Court has since made clear, however, that a *Bivens* action may not be maintained against the United States or its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Because sovereign immunity bars constitutional tort claims against the United States and its agencies absent an express waiver, and because *Bivens* does not waive that immunity, neither the United States nor the BOP is a proper defendant to Lambert's constitutional claims. *Id.*

Accordingly, to the extent Plaintiff asserts constitutional claims against the United States or the BOP, those claims are barred by sovereign immunity and fail as a matter of law.

### C. Lambert fails to state a viable claim for criminal prosecution.

Lambert requests that criminal charges be brought against those allegedly responsible for Mark's death. However, a private citizen has no constitutional or statutory right to compel the criminal prosecution of another person. The decision whether to investigate or prosecute alleged criminal conduct rests exclusively with the Executive Branch. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.

1990) (holding that inmates have no constitutional right to have criminal charges brought against prison officials).

Accordingly, to the extent Lambert seeks an order directing the initiation of criminal proceedings against any individual, that request fails as a matter of law and should be dismissed.

## III. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 15) should be GRANTED. Lambert's claim against the United States under the FTCA should be dismissed without prejudice to refiling, and Lambert's request for criminal prosecution and constitutional claims against the United States and the BOP should be dismissed with prejudice. The Motion does not address the remaining *Bivens* claims against the Warden and the unknown officers and should therefore remain pending.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 31, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE